UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NO. 14-cv-03103-SRN-FLN

Candella, LLC, and Luminara Worldwide, LLC,

      Plaintiffs,

v.

Liown Electronics Co. Ltd., Shenzhen Liown Electronics Co. Ltd., Liown Technologies/Beauty Electronics, LLC, Boston Warehouse Trading Corp., and Abbott of England (1981), Ltd.,

      Defendants.

## DECLARATION OF DOUG PATTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

I, Doug Patton, hereby declare as follows:

1. This declaration is submitted in support of Plaintiffs' Motion for Preliminary Injunction. This declaration is made on my own personal knowledge.

2. I am one of the founding members of Candella, LLC ("Candella"). I am the CEO of Patton Design, an industrial design company in Orange County, California. I hold a Bachelor of Science in Industrial Design. I have over 30 years' experience in the design of products. I have created over 200 products in multiple product categories. I am a named inventor of multiple patents.

3. I am familiar with the Artificial Flame Technology licensed by Candella from Disney Enterprises, Inc. ("Disney"). I am a co-inventor of U.S. Patent Nos.

8,070,319; 8,534,869; and 8,696,166 ("collectively the "patents-in-suit" or "the Disney patents"), each of which is a part of the Artificial Flame Technology. I am currently working as a consultant to Candella regarding development and commercializing of products using the licensed Artificial Flame Technology.

4. Claim 1 of the '166 patent focuses on the core invention of Artificial Flame Technology, which is shown in Fig. 1 of the patent: a pendulum with a flame silhouette on a V-shaped support wire through a hole in the body of the pendulum. The '166 patent claims the benefit of earlier-filed Provisional Application Provisional Pat. No. 61/101,611, filed Sept. 30, 2008. Fig. 1 in the '166 patent was included with the written disclosure in the original drawings filed with the provisional application filed in 2008.

5. Fig. 1 shows a two-stage or two pendulum design for a flameless candle made in accordance with the invention claimed in claim 1 of the '166 patent. The invention can also be implemented in a single-stage design using a single pendulum. A single-stage, single pendulum design is described in Figure 7 of the '166 patent.

6. Claim 1 of the '166 patent does not claim the specific manner of drive mechanism for causing the pendulum to pivot. Claim 1 of the '166 patent does not claim a "single pendulum," or a "light source" embedded in the sidewall of housing. Claim 1 does not require a specific number of pendulum members; the invention can be practiced with one, or two, or ten pendulums. Claim 1 of the '166 patent is limited to the core Artificial Flame Technology invented by Disney in 2008: a pendulum with a flame silhouette that pivots freely on a V-shaped support wire through a hole in the body of the

pendulum. The full scope of claim 1 of the '166 patent is supported by the written disclosure of the earlier-filed provisional application filed in September 2008.

7. I have examined the moving flameless candle manufactured by Liown and sold in the United States by Boston Warehouse. Liown's flameless candles infringe claim 1 of the '166 patent because each limitation of the claim is present in Liown's flameless candle, as shown in the claim chart below.

| '166 Claim 1 | Liown Candle sold by Boston Warehouse |
|---|---|
| A **pendulum** member for generating a flickering flame effect, comprising: | Packaging for Liown's flameless candle sold by Boston Warehouse, describes it as a "Lifelike flickering flame." The candle has a suspended body inside that swings freely under the action of gravity that constitutes a "pendulum." |
| a **body** with upper and lower portions; | The pendulum inside of the Liown candle constitutes a "body," a pendulum member to which a flame silhouette is attached. The upper portion of the body has a hole. Lower portion has a magnet. |

| '166 Claim 1 | Liown Candle sold by Boston Warehouse |
|---|---|
|  | *[image of candle with labels: "upper portion of body" and "lower portion of body"]* |
| a **flame silhouette** element extending outward from the upper portion of the body; and | The flame silhouette extending from the upper portion of the body. *[image of candle with label: "flame silhouette"]* |
| a **hole** in the body below the flame silhouette element, | Hole is in the upper portion of the body below flame silhouette. |

4

| '166 Claim 1 | Liown Candle sold by Boston Warehouse |
|---|---|
|  | *[image: candle mechanism with label "hole" pointing to hole]* |
| wherein the hole is configured to receive a **flame support element** such that the flame support element passes through the hole and the body is free to pivot when supported by the flame support element. | A flame support element extends through a hole allowing the body to pivot freely. *[image: candle mechanism with label "flame support element"]* |

8.     I have reviewed the Candella design drawings that were provided to Liown on March 19, 2010 attached to the email from Jeff Thompson to John Yang at Liown (*See* Dkt. # 37, Ex. 10). Two of those designs, which show the same features of the invention claimed in the '166 patent, are shown below:

5



9.      I have reviewed Chinese Patent Application No. 201010211402.8 filed by Liown on June 28, 2010 ("the Li Application"). Figures 1, 2, 4, 5, and 6 in the Li Application appear to be copies of the flameless candles designs Candella provided to Liown in 2010 under the non-disclosure agreements. Figures 4 and 6 from the Li Application, shown below, appear to be directly copied from the Candella designs provided to Liown in March 2010, with only minor modifications:

6



图 4                         图 6

10.     The example embodiments of the invention claimed in the Li Application shown in Figures 4 and 6, describe a flameless candle that, if made, used, offered for sale, sold, or imported in the United States, would infringe the '166 patent, for the same reasons that Liown's moving flameless candles infringe the '166 patent, as set out in the above claim chart.

I state under penalty of perjury that the foregoing is true and correct.

Dated: November 26, 2014                *s/ Doug Patton*
                                        Doug Patton