UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Luminara Worldwide, LLC,

           Plaintiff,

v.

Liown Electronics Co. Ltd., Shenzhen
Liown Electronics Co. Ltd., Liown
Technologies/Beauty Electronics, LLC,
Boston Warehouse Trading Corp., Abbott
of England (1981), Ltd., BJ's Wholesale
Club, Inc., Von Maur, Inc., Zulily, Inc.,
Smart Candle, LLC, Tuesday Morning
Corp., Ambient Lighting, Inc., The Light
Garden, Inc., and Central Garden & Pet
Co.,

           Defendants.

_____

Shenzhen Liown Electronics Co. Ltd. ,
Liown Technologies/Beauty Electronics,
LLC, and Central Garden & Pet Co.,

           Counterclaim Plaintiffs,

v.

Luminara Worldwide, LLC, QVC, Inc.,
Darice, Inc., Bed Bath & Beyond, Inc.,
Williams-Sonoma Stores, Inc., PC
Treasures, Inc., and Brookstone Stores,
Inc.,

           Counterclaim Defendants.

_____

NO. 14-cv-03103-SRN-FLN

**LUMINARA WORLDWIDE, LLC'S
MEMORANDUM REGARDING
EXPERT WITNESS DISCLOSURES
AND DEPOSITIONS**

## INTRODUCTION

Plaintiff Luminara Worldwide, LLC ("Luminara") submits this memorandum pursuant to the Court's February 16, 2016 Order (ECF Dkt. #371).  Defendant Shenzhen Liown Electronics Ltd.'s ("Liown's") letter of February 11, 2016 (ECF Dkt. #370) states that two issues remain concerning expert disclosures and depositions.

The first issue is Liown's request for a detailed expert report from Douglas Patton pursuant to Rule 26(a)(2)(B) and a deposition of Mr. Patton.  The second issue concerns Liown's request for more detailed disclosures under Rule 26(a)(2)(C) from Gary Schnuckle, Jim LaBelle and Jeff Thompson.  Liown appears to concede that these individuals are not required to provide an expert report and instead seeks additional disclosures.  It is not clear whether Liown continues to request that they be required to sit for additional depositions.  Based on Liown's latest letter (ECF Dkt. #370), Luminara understands that Liown is no longer requesting a supplemental disclosure from Dale Dykema.  Remaining issues regarding scheduling of expert rebuttal reports and depositions have been resolved by stipulation (ECF Dkt. #372).

Liown's request for further relief should be denied.  Luminara has complied with the expert disclosure requirements concerning the anticipated testimony from Messrs. Patton, Thompson, LaBelle, Schnuckle, and Dykema.  Mr. Patton is not required to provide a detailed written report because he was not retained or specially employed to provide expert testimony.  He did not form his opinions in anticipation of litigation; his testimony was based on his work as a consultant to Luminara unrelated to this litigation.

Mr. Patton is also not required to sit for a second deposition.  Liown fully explored

Mr. Patton's opinions during his lengthy deposition in October 2015.  Luminara is also

not required to provide additional disclosures concerning the anticipated testimony of

Messrs. Schnuckle, Thompson, and LaBelle.  A more than detailed summary of their

testimony is set out in each witness' deposition transcript.

### 1. Luminara's Compliance with the Expert Disclosure Requirements under the Federal Rules.

Federal Rule of Civil Procedure 26(a)(2)(A) imposes upon a proponent of expert

witness testimony a duty to identify it experts in a pretrial disclosure.  If the expert is

"retained or specially employed to provide expert testimony in the case or [is] one whose

duties as the party's employee regularly involve giving expert testimony," the party

offering the testimony must disclose it in a written report.  Fed. R. Civ. P. 26(a)(2)(B).  If

the expert witness falls outside the Rule 26(a)(2)(B) category, the party offering the

testimony need only provide a less detailed "disclosure" of the "subject matter on which

the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or

705," and "a summary of the facts and opinions to which the witness is expected to

testify."  Fed. R. Civ. P. 26(a)(2)(C).[1]  Frequent examples of witnesses who may both

---

[1] The disclosure requirements of Fed. R. Civ. P. 26(a)(2)(C) were implemented in 2010 after the article written by Luminara's counsel in 2008 cited in the letter of February 11, 2016.  (ECF Dkt. #370, Ex. A.)  The Notes to the 2010 amendment clarified that consultants or employees of a party who do not regularly provide expert testimony, such as Messrs. Patton, Thompson and LaBelle, are not "retained or specially employed" for purpose of the written report requirement under Fed. R. Civ. P. 26(a)(2)(D).  See Committee Notes on Rules—2010 Amendment.  Before the 2010 amendment, there was some confusion by courts concerning this issue.

testify as a fact witness and also provide expert testimony include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. See Rule 26, Committee Notes on Rules—2010 Amendment.

Federal Rules of Evidence 701 and 702 prescribe what testimony constitutes expert testimony. Rule 702 states that a witness who is "qualified as an expert by knowledge, skill, experience, training, or education" may testify to "scientific, technical or other specialized knowledge" in the form of opinion or otherwise where such knowledge "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Rule 701 provides: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions … based on the perception of the witness …[and …] not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Thus, opinion testimony based on scientific, technical, or other specialized knowledge can be subject to exclusion if offered from a witness who has not been identified as an expert. *See Blandin Paper Co. v. J&J Industrial Sales, Inc.*, No. Civ.02-4858 ADM/RLE, 2004 WL 1946388, at *3 (D. Minn. 09/02/04).

Messrs. Patton, Thompson, LaBelle, Schnuckle, and Dykema were identified by Luminara as witnesses whose testimony might constitute expert testimony because some of the anticipated testimony from each witness could be considered based on their scientific, technical or specialized knowledge. (ECF Dkt. #364, Ex. A, Rule 26(a)(2)(C) disclosures.) None of these witnesses was "retained or specially employed to provide expert testimony in the case or [is] one whose duties as the party's employee regularly

involve giving expert testimony."  Therefore, none of the witnesses was required to provide a written report under Fed. R. Civ. P. 26(a)(2)(B).  Each of the identified witnesses, except for Mr. Dykema, has been deposed.  (Declaration of Courtland Merrill Exs. A, B, C, and D.)  Luminara agreed to make Mr. Dykema available for deposition in an effort to avoid a dispute with Liown.  (ECF Dkt. # 368.)

Luminara's Rule 26(a)(2)(C) disclosures referenced Messrs. Patton, Thompson, LaBelle, and Schnuckle's extensive deposition testimony for purposes of providing "a summary of the facts and opinions to which the witness is expected to testify."  The disclosure for Mr. Patton also referenced his previously-filed declaration (ECF Dkt. #54) which disclosed his opinion regarding Liown's infringement of the Disney patents-in-suit and Liown's own patents.  (ECF Dkt. #364, Ex. A.)  The disclosure for Mr. Dykema, who has not been deposed, included a detailed description of damages caused by Liown's misappropriation of trade secrets.  (*Id.*)[2]

## 2. Douglas Patton is Not Required to Provide a Written Expert Report or Sit for a Second Deposition.

Defendants assert that Mr. Patton must provide a written report under Fed. R. Civ. 26(a)(2)(B) because he is an allegedly "biased" witness, a partial owner of Luminara, and

---

[2] Luminara does not believe it was required to provide an expert disclosure regarding Mr. Dykema's anticipated testimony concerning damages.  "[M]ost courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert."  Fed. R. Evid. 701, Advisory Committee Note—2000 Amendment.  Mr. Dykema's anticipated testimony was identified out of an abundance of caution to ensure compliance with the Rules.

works for the company as a paid consultant managing the company's patents and developing flameless candles.  (Letter 2/11/16, ECF Dkt. #370.)  None of these arguments are relevant to whether Mr. Patton must provide a written report under Fed. R. Civ. P. 26(a)(2)(B).  Witnesses with a pecuniary interest in the outcome of the case may serve as experts.  *See CardioVention, Inc. v. Medtronic, Inc.*, 483 F.Supp.2d 830, 847 (D. Minn. 2007).  Mr. Patton formed his opinions working as a consult to Luminara, not in preparation for litigation.  He was not "retained or specially employed" to provide testimony in anticipation of litigation.  Therefore, Luminara is only required to provide a disclosure of his anticipated testimony under Fed. R. Civ. P. 26(a)(2)(C).  See Rule 26, Committee Notes on Rules—2010 Amendment.

Liown claims that "Mr. Patton was deposed early as a fact witness," and it is now prejudiced by his anticipated testimony.  (Letter dated 2/11/16 ECF Dkt. #370.)  This argument simply defies logic.  Liown took the deposition of Mr. Patton on October 29, 2015.  (Merrill Decl. Ex. B.)  At the time of the deposition, the parties had exchanged infringement and invalidity contentions, briefed and argued claim construction, argued numerous motions, and produced tens of thousands of pages of documents.  Eighteen other witnesses had already been deposed and the parties had agreed that fact discovery would conclude the following day.  Liown already had in hand Mr. Patton's detailed declaration previously filed with this Court in support of Luminara's motion for a preliminary injunction in which he disclosed his opinion that Liown infringed the Disney patents and that Liown's patents were a copy of technology disclosed to Liown in 2010.

6

(ECF Dkt. #54.)  The notion that Liown was somehow deprived of an opportunity to prepare for this deposition because it occurred so early in the case is simply not true.

Liown took Mr. Patton's deposition from 9:11 am until 6:18 pm.  (Merrill Decl. Ex. B.)  Throughout Mr. Patton's deposition, Liown repeatedly elicited Mr. Patton's opinions.  For example, Liown asked Mr. Patton to provide his opinions about whether hypothetical products would infringe the patents-in-suit, how to design around patent limitations, his opinions about the meaning of claim terms, his opinions about various embodiments from different patents, and his opinions about whether the Liown patents are valid.  Liown already knew Mr. Patton held these opinions before Liown took his deposition because Mr. Patton had said much of the same things in his declaration previously-filed with the Court in November 2014.

For example, Liown explicitly solicited opinions from Mr. Patton respecting Liown's patents as follows:

> Q If you are going to show up at trial, and you are going to have opinions about the Liown patents, I want them today. So my question to you is: Do you have any opinions about the 986 and 137 patents that are not privileged?
>
> A Yeah, it's my review, it's a complete rip off of our design.

(Tr. 181:14-20.)

> Q Do you have any opinions about the validity of Exhibit 12, the Chinese Mike Li Chinese patent application?
>
> A I believe it is a direct copy of documents that I had seen that we created at Patton Design.

(Tr. 192:16-20.)

Similarly, Liown's counsel asked Mr. Patton how he would hypothetically design around the claim limitation "free to pivot":

> Q If you were designing around this limitation, what kind of access would kind of pivoting mechanism would you use, so the body is not free to pivot?
>
> A To make it so it's not free to pivot? Well, I could create a -- so it's not free to pivot. I guess one way I could do is I could put a hole with two washers, so it could only move one direction. Now, it's not free to pivot. It's only free -- it's still free to pivot. But I would have to write, in my patent, it's free to pivot left and right.

(Tr. 281:1-10.)

Liown's counsel even specifically acknowledged that Liown sought testimony concerning potential expert opinions:

> MR. MILLIKAN: You've put him out as an expert.  I am allowed to ask him hypotheticals and legal conclusions.

(Tr. 269:14-16.)

Liown also criticizes the disclosure that Mr. Patton may offer testimony concerning whether embodiments described in Liown's patents would infringe the patents in suit.  Liown has known that Mr. Patton might discuss that issue since November 26, 2014, when Mr. Patton's declaration was filed with the Court.  (Dkt. #54.) Indeed, the declaration in which Mr. Patton discusses those issues was marked and used as an exhibit at his deposition.  (Tr. 264:9-265-:1.)

Liown's attempt to claim at this stage that it is surprised that Mr. Patton may have opinions on these issues is disingenuous.  Liown asked for his opinions throughout his deposition.  Liown does not need an additional expert disclosure to understand what

Mr. Patton is likely to say.  Similarly, Liown does not need an additional deposition to question Mr. Patton about the same issues on which he was already deposed.

**3.      Gary Schnuckle, Jeff Thompson and Jim LaBelle.**

Liown also seeks additional information from Gary Schnuckle, Jeff Thompson and Jim LaBelle.  Mr. Schnuckle is a Disney employee.  He has an industrial design degree from the University of the Wisconsin at Stout.  He created Disney's Artificial Flame Technology licensed to Luminara that is at the center of this lawsuit.  He created the flameless candles used at Disney's Haunted Mansion theme park ride.  He is a named inventor on the Disney patents-in-suit and he is also the inventor of the prior art flameless candle technology that Liown claims invalidate the patents-in-suit.  He was deposed by Liown for an entire day in September 2015.  (Merrill Decl. Ex. C.)  Mr. Schnuckle is a fact witness.  He provided fact-based testimony at his deposition.  But, similar to the deposition of Mr. Patton, Liown also elicited highly-technical opinion testimony from Mr. Schnuckle during his deposition based on his specialized knowledge, skills and training.  Mr. Schnuckle's opinion testimony at his deposition was based on his first-hand knowledge of facts.  For example, Liown's counsel asked Mr. Schnuckle to compare and contrast Luminara's redesigned flameless candle (known as RD2) with the flameless candles used in Disney's Haunted Mansion, and asked for Mr. Schnuckle's opinion about the differences in movement of one candle versus the other.

Mr. Thompson is an engineer that works for Luminara.  While he lacks a formal engineering degree, Mr. Thompson is a skilled model maker and built the original flameless candles that Candella, Luminara's predecessor, showed at the Consumer

Electronics Show in 2010.  He has worked with Luminara since then and over the years has assisted Luminara with improving and redesigning their flameless candle products. Mr. Thompson was deposed for an entire day in September 2015.  (Merrill Decl. Ex. D.) He is a fact witness; he provided the confidential information on behalf of Candella to Liown in 2010 that Liown misappropriated.  He testified in his deposition about his first-hand knowledge of facts, but he was also asked for highly-technical opinions regarding how various flameless candles operate, and the ease or difficulty to modify or redesign various types of flameless candles.  For example, counsel for Liown questioned Mr. Thompson about mechanical differences between CAD drawings and structural components of products.

Jim LaBelle is an engineer.  Like Mr. Thompson, Mr. LaBelle worked for Luminara's predecessor Candella.  He is a fact witness.  He assisted Candella with building flameless candles for the Consumer Electronics Show in 2010.  Over the years, Mr. LaBelle has continued to work with Luminara assisting the company develop new flameless candle products.  He was deposed for an entire day by Liown in October 2015. (Merrill Decl. Ex. A.)  He too was asked fact-based questions during his deposition but he was also asked to provide opinion testimony by Liown's counsel based on his specialized knowledge, education, and training.  For example, Mr. LaBelle was asked to testify about his opinions whether a single or dual pendulum product had better flame articulation.

Liown claims that additional disclosures are necessary by trying to distinguish between issues Messrs. Schnuckle, Thompson and LaBelle discussed at their depositions

and issues that implicate their specialized knowledge or skill. As Luminara has already explained in the disclosure of the potential testimony from these individuals, they will be testifying about the issues that were already the subject of their depositions – issues which implicate their specialized knowledge or skill. Because these issues were already discussed at their depositions, Liown already has a complete disclosure of what they would be testifying about at trial.

Liown relies entirely on case law from other districts and attempts to distinguish *Kuehl v. Sellner*, No. C14-2034, 2015 WL 5823369, at *2 (N.D. Iowa Oct. 1, 2015), a case from the Northern District of Iowa which is required to apply Eighth Circuit law. Liown's distinction is that the witnesses in that case were a zoo owner, veterinarian, and nutritionist who would testify about zoo animals. Luminara cannot comprehend the distinction that Liown is trying to make. Mr. Schnuckle, Mr. Thompson and Mr. LaBelle are individuals who worked directly with flameless candles, who were deposed to answer questions about flameless candles, and who will be testifying about flameless candles at trial.

It is unclear whether Liown is still seeking to have these individuals appear again at a deposition. Liown cites no legal authority for requiring individuals who are not retained as experts to appear for a second deposition after they have already been deposed.

## CONCLUSION

Liown's request for further expert disclosures and expert depositions should be denied for the reasons set forth above.

ANTHONY OSTLUND
BAER & LOUWAGIE P.A.

Dated:   February 18, 2016          By:  s/Courtland C. Merrill
                                              Joseph W. Anthony (#2872)
                                              Steven M. Pincus (#171414)
                                              Courtland C. Merrill (#311984)
                                              Dan Hall (#392757)
                                       90 South Seventh Street, Suite 3600
                                       Minneapolis, MN  55402
                                       Tel: (612) 349-6969
                                       Fax: (612) 349-6996
                                       Email: janthony@anthonyostlund.com
                                       Email: spincus@anthonyostlund.com
                                       Email: cmerrill@anthonyostlund.com
                                       Email: dhall@anthonyostlund.com

                                       *Attorneys for Plaintiff*
                                       *Luminara Worldwide, LLC.*