## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Luminara Worldwide, LLC | Civil No. 14-3103 (SRN/FLN) |
| Plaintiff, | |
| v. | |
| Liown Electronics Co. Ltd., Liown, Technologies/Beauty Electronics, LLC, Shenzhen Liown Electronics Co. Ltd., Boston Warehouse Trading Corp., Abbott of England (1981), Ltd., BJ's Wholesale Club, Inc., Von Maur, Inc., Zulily, Inc., Smart Candle, LLC, Tuesday Morning Corp., Ambient Lighting, Inc.,The Light Garden, Inc., and Central Garden & Pet Co., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |
| Shenzhen Liown Electronics Co. Ltd., Liown Technologies/Beauty Electronics, LLC, and Central Garden & Pet Co., | |
| Counterclaim Plaintiffs, | |
| v. | |
| Luminara Worldwide, LLC, QVC, Inc., Darice, Inc., Bed Bath & Beyond, Inc., Williams-Sonoma Stores, Inc., PC Treasures, Inc., and Brookstone Stores, Inc., | |
| Counterclaim Defendants. | |

Joseph W. Anthony, Steven M. Pincus, Courtland C. Merrill, and Daniel R. Hall, Anthony Ostlund Baer & Louwagie PA, 90 South 7th Street, Suite 3600, Minneapolis, MN 55402, for Plaintiff, Counterclaim Defendants, and Third Party Disney Enterprises, Inc.

Thomas N. Millikan, Joseph P. Reid, Kenneth J. Halpern, Yun Louise Lu, and Patrick McKeever, Perkins Coie LLP, 11988 El Camino Real, Suite 350, San Diego, CA 92130, for Defendants and Counterclaim Plaintiffs Liown Electronics Co. Ltd., Liown Technologies/Beauty Electronics, LLC, Shenzhen Liown Electronics Co. Ltd., Boston Warehouse Trading Corp., Abbott of England (1981), Ltd., Von Maur, Inc., Zulily, Inc., Smart Candle, LLC, Tuesday Morning Corp., and The Light Garden, Inc.

Alan G. Carlson, Tara C. Norgard, Jonathan D. Carpenter, and Peter M. Kohlhepp, Carlson, Caspers, Vandenburgh, Lindquist & Schuman, P.A., 225 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for Defendants and Counterclaim Plaintiffs Liown Electronics Co. Ltd., Liown Technologies/Beauty Electronics, LLC, Shenzhen Liown Electronics Co. Ltd., Boston Warehouse Trading Corp., Abbott of England (1981), Ltd., BJ's Wholesale Club, Inc., Von Maur, Inc., Zulily, Inc., Smart Candle, LLC, Tuesday Morning Corp., The Light Garden, Inc., and Central Garden & Pet Co.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on two orders of Magistrate Judge Franklin L. Noel, both issued on May 18, 2016: "the Flipo Order" [Doc. No. 555] and the Capacity Order [Doc. No. 556]. Plaintiff objects to portions of both orders. (Pl.'s Obj. [Doc. No. 566].) Defendants object to portions of the Flipo Order. (Defs.' Obj. [Doc. No. 567].) For the reasons set forth herein, the parties' objections are overruled and the orders are affirmed.

I.     FACTUAL AND PROCEDURAL BACKGROUND

   A.     The Flipo Order

The Flipo Order, issued in response to Defendants' Motion to Compel and for Sanctions [Doc. No. 396], granted in part and denied in part the defense motion.

2

In late 2013 and early 2014, Flipo Group, Ltd. ("Flipo") sold a flameless candle known as the Solare Virtual Flame (the "Virtual Flame candle"). (Flipo Order at 1.) Luminara claimed that it infringed the Disney patents-in-suit. (Id.) Liown and Luminara were both aware of these candles and Luminara took action to stop Flipo from selling them. (Id.) Flipo ceased the sale of its Virtual Flame candle and instead began selling a new product called the 3D Solare Virtual Flame Candle ("3D Solare candle"). (Id. at 1-2.) Luminara contends that the design of the 3D Solare candle is non-infringing. (Id. at 2.)

Despite the fact that Flipo stopped selling the allegedly infringing Virtual Flame candle, one of its retailers, QVC, maintained a large number of the candles in its inventory. (Id.) To account for that inventory, Luminara and Flipo entered into a "Memorandum of Understanding" ("MOU"). The MOU released Flipo from liability, limited to the sale of the Virtual Flame candles in QVC's inventory. (Id.) By its own terms, the MOU disclaimed, "This limited waiver does not constitute a license to any of the Disney patents or any other intellectual property rights of Luminara." (Id.) (quoting MOU § 2.4). In exchange for the release, Flipo agreed to place in escrow a sum equal to $ 0.60 or $ 0.75 per unit. (Id.) The MOU also contemplated that the parties would negotiate a separate agreement regarding their future business relationship. (Id. at 3) (citing MOU § 4).

Subsequently, Luminara and Flipo negotiated a separate "Waiver Agreement." (Id.) This agreement applied to allegedly non-infringing Flipo 3D Solare candles. (Id.)

Luminara agreed to waive its right to enforce any of the Disney Patents against Flipo as to these candles. (Id.) In exchange, Flipo agreed to pay Luminara an ongoing waiver fee of 2% of Flipo's net sales of the waived products. (Id.) (citing Waiver Agmt. § 4). The Waiver Agreement did not encompass the allegedly infringing Virtual Flame candles. (Id.) By its own terms, the Waiver Agreement also disclaims that it is a license or sublicense to any of the Disney Patents or any other intellectual property rights of Luminara. (Id.) (citing Waiver Agmt. § 2.4).

In this litigation, Defendants' Request for Production No. 28 sought "[a]ll documents that constitute, discuss, refer, or relate to any grant of rights in or to the Disney Patents-in- Suit, including, without limitation, assignments, licenses, cross-licenses, joint development agreements, covenants, settlements, or releases in the Disney Patents-in-Suit." (Id. at 4) (citing ECF No. 400, Ex. I). In addition, Defendants' Interrogatory No. 27 asked Luminara to "[i]dentify any license or agreement related to any Accused Product, or the Disney Patents-in-suit, entered into by, between and amongst any Luminara Parties, or any third party." (Id.) (citing Ex. K). Finally, Defendants' deposition notice to Luminara included topics related to any licenses in the patents-in-suit. (Id.) (citing Ex. N). Luminara produced no information related to the MOU or the Waiver Agreement in any of its discovery responses or in deposition testimony. (Id.)

At a January 2016 candle industry trade show, Flipo's CEO met with Liown's CEO. (Id. at 5.) Flipo's CEO indicated that he was following the results of Liown's *inter partes* review before the U.S. Patent and Trademark Office concerning Luminara's '166

patent. He explained that he was interested because Flipo "had taken a license on that patent from Luminara." (Id.) This was Liown's first notice about any such license between Luminara and Flipo. (Id.)

In February 2016, Defendants asked Plaintiff about the purported license with Flipo, but received no response. (Id.) After threatening to file a motion to compel, and preparing the motion, Luminara agreed to produce the MOU and Waiver Agreement on February 23, 2016. (Id.) After receiving the documents, Liown asked for any related documents concerning the Flipo licenses. (Id.) Luminara produced no additional information. (Id.)

### 1.   Defendants' Motion to Compel and the Flipo Order

Liown then filed the underlying motion to compel [Doc. No. 396], requesting the following: (1) precluding Luminara from seeking further injunctive relief in this case; (2) precluding Luminara from contradicting or otherwise challenging the propriety and applicability of the Flipo agreement or the 2% rate disclosed in the agreement at trial; (3) striking Luminara's expert opinions on patent infringement damages that are contradicted by the Flipo agreements; (4) precluding Luminara's expert from issuing any supplemental opinions accounting for the Flipo agreements; and (5) requiring Luminara to pay Defendants' costs and fees with respect to the investigation and motion practice that uncovered the Flipo license. (Id. at 6) (citing Defs.' Mem. in Supp. Mot. to Compel at 35).

Magistrate Judge Noel found that Luminara's contracts with Flipo were, for all

practical purposes, license agreements. (Id. at 7.) He further found that the MOU and related documents should have been disclosed in response to Defendants' discovery requests, as they related to an allegedly infringing product. (Id.) However, the magistrate judge determined that the Waiver Agreement was not relevant to Defendants' discovery requests, as it did not relate to any allegedly infringing products, and need not have been produced. (Id. at 7-8.)

As to Defendants' requested sanctions, Magistrate Judge Noel found them out of proportion to Plaintiff's failure to produce the documents related to the MOU, "especially in light of the fact that this case has been consolidated with the RAZ actions." (Id. at 8.) He found little prejudice to Defendants, since they received the MOU prior to the deadline for filing their expert rebuttal report and well in advance of trial. (Id.) In fact, the rebuttal report included an analysis of both the MOU and the Waiver Agreement; Defendants also had the MOU before the deposition of Luminary's damages expert and were free to question him regarding his damages calculations. (Id.) But because the magistrate judge determined that Defendants would never have learned of the MOU but for the chance encounter of the two executives, he ordered Luminara to reimburse Defendants "for their costs and fees that were reasonably expended in having to investigate and request the Flipo agreements." (Id.) He then directed Defendants to file a separate affidavit detailing these amounts. (Id.) However, Magistrate Judge Noel denied Defendants' request for costs and fees in bringing the motion to compel, finding that Luminara was sufficiently sanctioned by bearing the costs and fees incurred in

investigating and requesting the Flipo agreements. (Id. at 9.) He further denied all other requests in Defendants' motion. (Id. at 9.)

### 2. Objections to the Flipo Order [Doc. No. 566]

Luminara objects to the portion of the Flipo Order requiring it to reimburse Defendants for Defendants' time spent investigating and requesting both of the Flipo agreements. (Pl.'s Obj. at 6; 10-13 [Doc. No. 566].) Luminara contends that it was justified in not producing the Flipo documents because Luminara did not consider them to be licenses. (Id. at 10-11.) It further argues that the magistrate judge erred in applying this sanction so broadly, since he found that the Waiver Agreement was not relevant to this litigation. (Id. at 6. ) In addition, Plaintiff contends that even though Liown asked for a variety of relief, it did not ask Magistrate Judge Noel for the sanction that he ultimately imposed. (Id.)

Defendants object to Magistrate Judge Noel's ruling on two bases. First, they argue that the magistrate judge erred in finding the Waiver Agreement and related documents non-relevant. (Defs.' Obj. at 3 [Doc. No. 567]. Second, Defendants seek to broaden the scope of sanctions. (Id. at 3.)

### B. The Capacity Order

Magistrate Judge Noel's other May 18, 2016 order, the Capacity Order, addressed several underlying motions, notably Defendants' motion [Doc. No. 431] to strike certain portions of Donald Gorowsky's expert report. Gorowsky is Luminara's damages expert. Defendants argued that three sections of Gorowsky's damages report should be stricken;

relevant here is Defendants' request that Gorowsky be precluded from relying on a particular spreadsheet (Exhibit 20 to Gorowsky's report) or any information contained within it, and the Court should strike this aspect of his lost profits analysis. (Capacity Order at 1-2; 4-8.)

As to Gorowsky's opinion on manufacturing capacity for calculating lost profits, Magistrate Judge Noel found that the data Gorowsky relied upon should have been disclosed to Defendants. (Id. at 6-7.) He therefore ordered further discovery. (Id.) Plaintiff must, among other things, disclose documents supporting the data on which Gorowsky relied to determine manufacturing capacity and produce a witness for deposition with knowledge of Luminara's manufacturing capacity. (Id. at 7.) Defendants were permitted to file an amended expert report on damages after conducting this new discovery. (Id.) In addition, Defendants were permitted to take a limited deposition of Dennis D'Angelo, an independent QVC sales representative whom Gorowsky interviewed for his supplemental report. (Id. at 8-9.) Plaintiff failed to disclose D'Angelo during discovery. Magistrate Judge Noel also allowed Defendants to prepare a supplemental rebuttal expert report to address relevant information discovered during the D'Angelo deposition. (Id. at 8-9.) Finally, Magistrate Judge Noel ordered Luminara to pay Defendants their reasonable expenses, including attorneys' fees, related to bringing the motion to strike Gorowsky's expert report.[1] (Id. at 17.)

---

[1] In the Capacity Order, Magistrate Judge Noel denied Defendants' additional bases for striking two other portions of the Gorowsky report addressing the history of flameless candle technology and embodying products. (Capacity Order at 3-4.)

### 1.  Objections to the Capacity Order [Doc. No. 566]

Plaintiff objects to Magistrate Judge Noel's sanctions, arguing that he incorrectly concluded that Luminara failed to produce responsive documents or information supporting the figures contained in Gorowsky's spreadsheet. (Pl.'s Obj. at 8.) Rather, Luminara maintains that the information in the spreadsheet was not derived from documents in Luminara's possession, custody, or control. (Id.) Plaintiff further appeals the sanction of attorneys' fees and costs related to the motion to strike portions of Gorowsky's report. (Id. at 9.)

### C.  Magistrate Judge Noel's Ruling on Attorneys' Fees

In the Flipo Order and the Capacity Order, Magistrate Judge Noel directed Defendants to submit documentation in support of their claims for attorneys' fees. (Flipo Order at 9; Capacity Order at 17.) Defendants sought an award of $8,337.64 for work related to the investigation and request of the Flipo license and sought an award of $53,104.19 for work regarding their motion to strike Gorowsky's expert report. (Order of 7/6/16 at 2-3 [Doc. No. 596].) In Magistrate Judge Noel's Order of July 6, 2016 [Doc. No. 596], he reduced the amount of the amount of the Flipo license award to $3,250.40 and reduced the amount of the Gorowsky-related award to $11,336.03. (Id.)

## II.  DISCUSSION

A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999); see also United States v. Raddatz, 447 U.S. 667, 673 (1980). Magistrate

Judge Noels's rulings on the underlying motions to compel and to strike were nondispositive. The Court will reverse such rulings only they are clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2 (a)(3).

### A.     The Flipo Order

As noted, Luminara objects to the portion of the ruling requiring it to reimburse Defendants for Defendants' time spent investigating and requesting both of the Flipo agreements. (Pl.'s Obj. at 6 [Doc. No. 566].) It argues that the magistrate judge erred in applying this sanction so broadly. (Id.) Since Magistrate Judge Noel found that the Waiver Agreement was not relevant to this litigation, Plaintiff contends the sanctions should have been very narrowly applied to the MOU, if awarded at all. (Id.) In addition, Plaintiff contends that even though Liown asked for a variety of relief, it did not ask Magistrate Judge Noel for the sanction that he ultimately imposed. (Id.) Plaintiff notes that Fed. R. Civ. P. 37(a)(5) only contemplates an award of attorneys' fees associated with a defendant's motion to compel, not relief for the type of work performed here. (Id. at 7.)

In response, Defendants oppose Plaintiff's Objections, arguing that Luminara had no basis for withholding the requested discovery, and, in fact, attempted to "bury" the information. (Defs.' Opp'n at 5-7 [Doc. No. 578].) Moreover, in their own objections, Defendants contend that Magistrate Judge Noel did not go far enough in sanctioning Luminara. (Defs.' Obj. at 10.) They argue that Luminara's actions were duplicitous and warrant the imposition of additional attorneys' fees and costs associated with other

motions that Defendants prepared. (Id.) Also, Defendants contend that Luminara should be precluded from claiming irreparable harm or otherwise seeking future injunctive relief. (Id.)

Further, Defendants argue that even though the Waiver Agreement documents relate to a non-infringing product, they are still highly relevant to establishing the value of the patents and, as such, are directly responsive to Defendants' discovery requests. (Id.) They note that the Waiver Agreement falls within Defendants' Request for Production No. 28, as it seeks all documents that discuss, refer, or relate to any grant of rights in or to the Disney patents-in-suit. (Id. at 8.) They contend that this request covers both the MOU and the Waiver Agreement, especially since Magistrate Judge Noel found both agreements constituted licenses. (Id.) In addition, Defendants argue that the Waiver Agreement is responsive to its Interrogatory No. 27, which sought both any license to the Disney patents-in-suit and any agreements related to the Disney patents-in-suit. (Id. at 9.) Finally, Defendants argue that as Defendants' deposition Topics 47 and 48 concerned general lost profits or reasonable royalty analyses of damages, the Waiver Agreement would be relevant to help establish the value of the patents. (Id. at 10.)

In response to Defendants' Objections, Plaintiff opposes Defendants' request for additional discovery and sanctions. (Pl.'s Resp. [Doc. No. 581].) Plaintiff states that it opposed Defendants' motion to compel based on its justifiable belief that the MOU and Waiver Agreement constituted settlement agreements–not licenses. (Pl.'s Resp. at 6.) Moreover, even if Magistrate Judge Noel referred to the Waiver Agreement as a license,

Plaintiff argues that that does not necessarily make the Waiver Agreement responsive or relevant, as it does not relate to the patents-in-suit.  (Id. at 9.)  Also, Plaintiff contends that since Magistrate Judge Noel only partially granted the motion to compel, any additional sanctions against Luminara are unwarranted.  (Id. at 7.)

The Court finds no clear error in Magistrate Judge Noel's ruling to issue sanctions pursuant to Rule 37.  As legal commentators have observed,

Rule 37 is flexible.  The court is directed to make such orders as are 'just' and is not limited in any case of disregard of the discovery rules . . . to a stereotyped response.  The sanctions enumerated in the rule are not exclusive and arbitrary but flexible, selective, and plural.  The district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even.

8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2284 (3d ed. 2010).  Particularly in light of the magistrate judge's subsequent determination of the attorneys' fee award in his Order of July 6, 2016, the Court assigns no clear error to the Flipo Order.  As noted, in the July 6, 2016 Order, the magistrate judge reduced Defendants' fee award by over $5,000, eliminating any award for work performed after Defendants received the MOU.  (Order of 7/6/16 at 2, n.2.)  This reasonable deduction has the practical effect of addressing several of Plaintiff's grounds of objection.  Defendants' request for the imposition of additional sanctions is denied.  Nor does the Court find error in the magistrate judge's decision that the Waiver Agreement and documents related to it are not relevant.  All other grounds of objection are overruled.

For all of the foregoing reasons, the Court affirms the ruling of Magistrate Judge in

the Flipo Order.

### B. The Capacity Order

As noted, Luminara contends that the magistrate judge incorrectly concluded that Luminara failed to produce responsive documents or information supporting the figures contained in Gorowsky's spreadsheet. (Pl.'s Obj. at 8.) Arguing that the information in the spreadsheet was not derived from documents in Luminara's possession, Luminara contends that Magistrate Judge Noel clearly erred in sanctioning Plaintiff for failing to produce documents that it does not possess. (Id.) Alternatively, in its Objections, Luminara offers to voluntarily locate and produce documents referring to manufacturer capacity not yet produced, even though they do not fall within the Court's order. (Id. at 8, n.1.) Luminara also offers to make a witness available for a deposition on these matters—even though Liown will likely have deposed that person already. (Id.)

In addition, Luminara argues that sanctions were unwarranted because: (1) the majority of the underlying defense motion to strike, concerning different aspects of Gorowsky's opinion, was unrelated to discovery, placing it outside the scope of Rule 37; and (2) the magistrate judge denied the majority of the requested relief concerning Gorowsky. (Id.) If Plaintiff must be sanctioned, Luminara contends that the sanction should be limited "to that narrow sliver of the motion that asked for Luminary to produce the documents supporting the capacity spreadsheet." (Id.)

In response, Defendants argue that a lack of any such information supporting Gorowsky's spreadsheet demonstrates that Plaintiff's damages calculations are based on

mere guesswork and speculation.  (Defs.' Opp'n at 510-11.)  They ask this Court to affirm Magistrate Judge Noel's conclusions and require that the portion of Gorowsky's report on manufacturing capacity be stricken on remand to Magistrate Judge Noel, (id. at 11), or alternatively, that this Court grant Defendants' Daubert motion as it relates to Gorowsky's lost profits theory.  (Id., n.12.)

The Court affirms the magistrate judge's Capacity Order, for the same reasons noted with respect to the Flipo Order.  The Court finds that Plaintiff's objections concerning the breadth of the sanction are adequately addressed by Magistrate Judge Noel's reduction of Defendants' fee award in his July 6, 2016 Order.  In reducing Defendants' fee award by over $41,000, the magistrate judge observed that such a reduction was warranted, among other reasons, "given the fact that the majority of Defendants' motion was denied." (Order of 7/6/16 at 3.)  As to Defendants' request that the Court remand the matter to the magistrate judge with instructions to strike Gorowsky's analysis of manufacturing capacity, it is denied.  All other grounds of objection are overruled.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Noel's Orders of May 18, 2016 [Doc. Nos. 555 & 556] are **AFFIRMED**;

2. Plaintiff's Objections [Doc. No. 566] to the Orders of May 18, 2016 [Doc. Nos. 555 & 556] are **OVERRULED**; and

3. Defendants' Objections [Doc. No. 567] to the Order of May 18, 2016 [Doc.

No. 555] are **OVERRULED**.


Dated:   August 4, 2016                                         s/Susan Richard Nelson
                                                                SUSAN RICHARD NELSON
                                                                United States District Judge