UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Luminara Worldwide, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Liown Electronics Co. Ltd. et al.,<br><br>    Defendants.<br><br>Shenzhen Liown Electronics Co. Ltd. et al.,<br><br>    Counterclaim Plaintiffs,<br><br>v.<br><br>Luminara Worldwide, LLC, et al.,<br><br>    Counterclaim Defendants. | Case No. 14-cv-03103 (SRN/FLN)<br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Courtland C. Merrill, Daniel R. Hall, Joseph W. Anthony, Cory D. Olson, Steven C. Kerbaugh, Steven M. Pincus, Anthony Ostlund Baer & Louwagie P.A., 90 South Seventh Street, Suite 3600, Minneapolis, Minnesota 55402, Jon E. Wright, Sterne Kessler Goldstein & Fox, 1100 New York Avenue Northwest, Suite 600, Washington, District of Columbia 20005, Ryan S. Dean, Fish & Tsang LLP, 2603 Main Street, Suite 1000, Irvine, California 92614, and Sean P. DeBruine, Kilpatrick Townsend & Stockton LLP, 1080 Marsh Road, Menlo Park, California 94025, for Plaintiff and Counterclaim Defendants.

Alan G. Carlson, Jonathan D. Carpenter, Peter Kohlhepp, Tara C. Norgard, Carlson Caspers Vandenburgh Lindquist & Schuman P.A., 225 South Sixth Street, Suite 4200, Minneapolis, Minnesota 55402, Joseph P. Reid, Patrick J. McKeever, Thomas N. Millikan, Yun L. Lu, Perkins Coie LLP, 11988 El Camino Real, Suite 350, San Diego, California 92130, and Kenneth J. Halpern, Perkins Coie LLP, 3150 Porter Drive, Palo Alto, California 94304, for Defendants and Counterclaim Plaintiffs.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter comes before the Court on the parties'[1] cross-objections to Magistrate Judge Franklin L. Noel's October 5, 2016 order [Doc. No. 634] ("October 5 Order") granting, in relevant part, Defendants' motion to compel compliance with an earlier order of the same judge, issued May 18, 2016 [Doc. No. 556] ("May 18 Order"). Luminara objects to the October 5 Order on the ground that its interpretation of the scope of the waiver of attorney-client privilege triggered by the testimony of a non-reporting expert witness is overly broad. (*See* Pl.'s Obj. [Doc. No. 658] at 3.) In contrast, Defendants agree with Judge Noel's scope-of-waiver ruling, but object to his decision to grant Luminara an additional twenty-one day period in which to decide whether to accept disclosure of privileged communications or withdraw its non-reporting expert and maintain the privilege. (*See* Defs.' Obj. [Doc. No. 659] at 2.) After careful review of the parties' briefing, relevant case law, and Magistrate Judge Noel's rulings, the Court overrules both objections and affirms the October 5, 2016 Order, subject to such modification as is described below.

## II. BACKGROUND

At the heart of this dispute is Luminara's decision to designate Doug Patton as a non-reporting, testifying expert witness pursuant to Rule 26(a)(2)(C) of the Federal Rules

---

[1] For convenience, Plaintiff and all Counterclaim Defendants in this matter will be referred to collectively as "Luminara." All Defendants and Counterclaim Plaintiffs will likewise be referred to collectively as "Defendants."

of Civil Procedure.  (*See* Reid Decl. [Doc. No. 439], Ex. F.)  Patton is a named inventor on five of the asserted patents underlying this action, and is one of the founding members of Luminara's predecessor-in-interest, Candella, LLC.  (Pl.'s Obj. at 4.)  He is also a paid consultant to Luminara, providing expertise ranging from design and development of new products to development of patent strategy.  (*Id.*)

Luminara first identified Patton as an individual "likely to have discoverable information" on December 31, 2014, in its Rule 26(a)(1)(A) disclosure.  (*See* Reid Decl., Ex. C at 3.)  Defendants responded by serving Patton with a document subpoena on January 23, 2015, and deposing Patton as a fact witness on October 29, 2015.  (Defs.' Obj. at 3.)  At the time, Luminara objected to every one of Defendants' document requests on privilege grounds, and repeatedly instructed Patton not to answer certain questions during his deposition.  (*Id.*; Reid Decl., Ex. D.)

On February 1, 2016, Luminara filed its Rule 26(a)(2)(C) disclosure, identifying Patton as a proposed non-reporting expert witness.  (Reid Decl., Ex. F at 3.)  Luminara indicated that Patton:

> may provide testimony based on factual knowledge as well as testimony based on knowledge, skill, experience, training or education.  Mr. Patton is expected to provide testimony at trial on the issues that he addressed at his deposition [and in] his declaration, including that Liown's moving flame candles infringe the licensed Disney patents, that embodiments described in Liown's '986 and '137 patents if made or sold in the U.S. would infringe the license[d] Disney patents, that the [sic] differences between the inventions claimed in the Disney patents-in-suit and flameless candles described in Disney's earlier-filed '455 patent, and Disney's and Candella's development of a flameless candle before Mike Li alleges he developed a flameless candle.

(*Id.*) (internal citation omitted).  On the basis of this disclosure, Defendants moved the magistrate judge to require Patton to submit an expert report pursuant to Rule 26(a)(2)(B).  (*See generally* Def.'s Mem. [Doc. No. 374].)  The court rejected this request, finding that because Patton was not specially retained to provide expert testimony, but rather would testify on the basis of percipient knowledge, he was not subject to Rule 26(a)(2)(B).  (February 25 Order [Doc. No. 388] at 6.)

Defendants then moved for an order overruling Patton's privilege objections to his earlier discovery responses.  (*See* Mot. to Strike [Doc. No. 436].)  According to Defendants, by putting Patton forward as a non-reporting expert witness under Rule 26(a)(2)(C), Luminara waived the attorney-client privilege with regard to materials and communications provided to Patton in connection with his testimony.  (*See* Defs.' Mem. in Supp. of Mot. to Strike [Doc. No. 438] at 11-14.)  In contrast, Luminara argued that the 2010 amendments to the Federal Rules of Civil Procedure ("the 2010 amendments")—which created the distinction between reporting and non-reporting expert witnesses—contemplated that the attorney-client privilege would be waived only in limited circumstances not existing in the present case.  (*See* Pl.'s Mem in Opp. to Mot. to Strike [Doc. No. 495] at 14-15.)

Ruling on the matter, Magistrate Judge Noel agreed with Defendants.  (*See* May 18 Order at 10-12.)  Looking first to the state of the law regarding expert testimony and waiver of privilege prior to the 2010 amendments, the magistrate judge noted that "courts generally held that all documents and information disclosed to any testifying expert in connection with his testimony, including any communications with attorneys, were

discoverable by the opposing party."[2]  (*Id.* at 10 (citing *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001); *Johnson v. Gmeinder*, 191 F.R.D. 638 (D. Kan. 2000)).)

Magistrate Judge Noel then turned to consider whether the 2010 amendments had changed this rule.  He first noted that while Rule 26(b)(4)(C) provides explicit protection for some communications between a party's attorney and reporting experts,[3] it is silent as to whether communications with a non-reporting expert are similarly protected.  This omission—according to the magistrate judge—was not unintentional, however. (May 18 Order at 10-11.)  Looking to the advisory committee notes for the 2010 amendments, he determined ultimately that they "did not change any existing precedent regarding privilege waiver of non-reporting experts that existed prior [to 2010]."  (*Id.* at 11.)  Because there was no dispute between the parties that prior to 2010 all documents and information considered by a testifying expert were subject to discovery, Magistrate Judge Noel concluded that "any documents and information considered by . . . Patton in connection with his expert testimony, including communications with attorneys are discoverable." (*Id.* at 11.)  The magistrate judge then gave Luminara a choice: either it must produce all such documents within twenty-one days, or, if it preferred to maintain

---

[2] Magistrate Judge Noel also correctly noted that in their briefing the parties explicitly agreed with this statement of the law as it stood prior to the 2010 amendments. (May 18 Order at 10 (citing Doc. Nos. 438, 495).)

[3] Fed. R. Civ. P. 26(b)(4)(C) provides that "Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, [except in three enumerated circumstances]."

its privilege, withdraw Patton's designation as a non-reporting expert witness. (*Id.* at 11-12.)

Ultimately, Luminara chose the former option, notifying Defendants on June 8, 2016 that it would proceed with Patton as a non-reporting expert witness. (*See* Pl.'s Mem. in Supp. of Mot. for Protective Order [Doc. No. 621] at 2.) Pursuant to the May 18 Order, Luminara produced an additional nineteen emails, containing fifty-four attached documents, that it contended comprised the entirety of documents not previously disclosed that had been considered by Patton in connection with his proposed testimony. (October 5 Order at 3.) In response, Defendants quickly moved to compel compliance with the magistrate judge's May 18 Order, arguing that Luminara's privilege log identified hundreds of documents and other communications considered by Patton but not disclosed, in violation of the order. (*See* Mot. to Compel [Doc. No. 610]; Defs.' Mem. in Supp. of Mot. to Compel [Doc. No. 611] at 2.) Luminara responded in its own right with a motion for a protective order limiting the scope of Defendants' discovery requests. (*See* Mot. for Protective Order [Doc. No. 619].)

At bottom, and as Magistrate Judge Noel recognized, the dispute between the parties centered on the proper interpretation of the word "considered" in the May 18 Order. Defendants contended that the term should be interpreted broadly, so as to encompass all documents and information that Patton "generated, saw, read, reviewed, and/or reflected upon," whether he ultimately relied upon them in forming his opinions or not. (Defs.' Mem. in Supp. of Mot. to Compel at 17-18 (quoting *United States v. Sierra Pac. Indus.*, No. S-09-2445 (KJM/EFB), 2011 WL 2119078, at *11 (E.D. Cal. May 26,

2011).   In contrast, Luminara argued that the term should be interpreted narrowly to mean essentially only those documents actually used by the expert. (*See, e.g.*, Pl.'s Mem. in Supp. of Mot. for Protective Order [Doc. No. 621] at 30.)

Once again, the court agreed with Defendants, concluding that "the ambit of the term 'considered,' in the context of Rule 26(a)(2)(C) discovery, . . . encompasses material not only used, but generated, seen, reviewed, and/or reflected upon." (October 5 Order at 5 (citing *PacifiCorp v. Nw. Pipeline GP*, 879 F. Supp. 2d 1171, 1213 (D. Or. 2012); *Sierra Pac.*, 2011 WL 2119078, at *11).) Rather than immediately require production of the withheld documents, however, Magistrate Judge Noel again provided Luminara with twenty-one days in which to elect to withdraw Patton's designation as a non-reporting expert witness. (*Id.*)

Both parties filed timely objections to the October 5 Order. Luminara argues that the magistrate judge misapplied prior precedent in a way that improperly extends the scope of the waiver of attorney-client privilege bound up in the designation of Patton as a non-reporting witness so as to effectively encompass any document or communication ever seen by Patton "in connection with his work for Luminara." (Pl.'s Obj. at 12.) Such a reading, it contends, goes well beyond the limited waiver envisioned by the framers of the 2010 amendments, and beyond the bounds set by prior precedent. (*Id.* at 12-14.) In contrast, Defendants "agree completely" with Magistrate Judge Noel's interpretation of the scope of waiver, but argue that it was error to grant Luminara yet another twenty-one day period in which to reconsider its election of Patton as a non-reporting expert witness. (Defs.' Obj. at 2.) Defendants accordingly ask this Court to affirm the October 5 Order,

7

but require Luminara to produce the withheld documents and communications immediately. (*Id.*)

## III. DISCUSSION

### A. Standard of Review

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Mountain Marketing Group, LLC v. Heimerl & Lammers, LLC*, No. 14-cv-846 (SRN/BRT), 2015 WL 1954393, at *2 (D. Minn. Apr. 29, 2015) (quoting *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999)). The district court must generally affirm the order unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a)(3). A finding is clearly erroneous when, although there is evidence to support it, "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Further, magistrate judges "are afforded wide discretion in handling discovery matters and are 'free to use and control pretrial procedure in furtherance of the orderly administration of justice.'" *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2013 WL 6511851, at *3 n.3 (D. Minn. Dec. 12, 2013) (quoting *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988)). Where such decisions suggest neither misapplication of law nor erroneous findings of fact, they will be overturned only where the Court finds an abuse of discretion. *See Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 637-38 (8th Cir. 2007); *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D.

Tex. 1994) ("The abuse of discretion standard applies to that vast area of choice that remains to the magistrate judge who has properly applied the law to fact findings that are not clearly erroneous.") (internal quotation and punctuation omitted).

### B. Luminara's Objection

Analyzing the merit of Luminara's objection requires pausing briefly to consider what issues are properly before the Court, and what issues are not. Importantly, while Magistrate Judge Noel's May 18 and October 5 orders are intertwined in many ways, they ultimately settled different questions. In the May 18 Order, the magistrate judge considered the primary issue of whether the 2010 amendments to Rule 26, which first created the distinct categories of reporting and non-reporting expert witnesses, changed the pre-existing law regarding waiver of privilege as to communications involving experts. (*See* May 18 Order at 10.) While the court concluded that the amendments had established new protections for communications involving reporting expert witnesses, it also found—convincingly— that those privileges were *not* intended to extend to non-reporting expert witnesses. (*See id.* at 11.) On the basis of the advisory committee notes to the 2010 amendments, as well as a particularly scholarly and well-considered opinion of the Eastern District of California analyzing those notes, Magistrate Judge Noel ultimately determined that the 2010 amendments to Rule 26 did not change the law of waiver of privilege existing prior to the amendments, at least as applied to non-reporting expert witnesses. (*Id.*) *See Sierra Pac.*, 2011 WL 2119078, at *5-7.

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, Luminara had fourteen days to file objections to the magistrate judge's order, or waive

any assignment of error. *See* Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(1). Although it ultimately objected to *other* alleged defects in the May 18 Order, it did not object to the court's decision regarding waiver of privilege and non-reporting expert witnesses. (*See* Pl.'s Obj. to Orders 555 & 556 [Doc. No 566].) Accordingly, Magistrate Judge Noel's conclusion of law in the May 18 Order—that pre-2010 case law on waiver of privilege continues to govern non-reporting expert witnesses—is not properly before this Court, and will not be disturbed.

What *is* properly before the Court on this motion is the much narrower matter addressed by Magistrate Judge Noel in the October 5 Order: what scope to give to the waiver of privilege attached to Patton's testimony as a non-reporting witness. In light of the May 18 Order, answering this question requires little more than looking to see whether the magistrate judge properly applied the law of waiver as it stood prior to 2010. The Court holds that he did.

As Magistrate Judge Noel noted in the October 5 Order, the waiver of privilege attached to Patton's status as a non-reporting expert extends to any documents and information he considered in connection with his proposed testimony. (October 5 Order at 4.) In this jurisdiction, as well as others, courts have clearly and repeatedly recognized that the term "considered" is to be interpreted broadly in this context. *See In re Pioneer*, 238 F.3d at 1375; *James River Ins. Co. v. Interlachen Propertyowners Ass'n*, No. 14-cv-3434 (ADM/LIB), 2015 WL 9946407, at *6 (D. Minn. Dec. 21, 2015); *Sierra Pac.*, 2011 WL 2119078, at *11. Thus, as the magistrate judge recognized, the scope of waiver is not limited by subjective questions of whether the expert actually relied on or used the

documents and information to which he was exposed in crafting his opinion. What matters is simply that he was exposed to those materials in the first place. *See Johnson v. Gmeinder*, 191 F.R.D. 638, 649 (D. Kan. 2000) (rejecting interpretation of "considered" that would "require the court to explore the expert's subjective mental processes"); *see also In re Pioneer*, 238 F.3d at 1375 (declaring that "documents and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party, *whether or not the expert relies on the documents and information in preparing his report*") (emphasis added); *PacifiCorp*, 879 F. Supp. 2d at 1213-1214 ("Non-reporting expert witnesses consider all documents and communications that they generated, saw, read, reviewed, and/or reflected upon, *regardless of whether the documents ultimately affected their analysis*.") (emphasis added).

This rule recognizes that part of the purpose of expert discovery is to discover not just the information that the expert used in reaching his conclusions, but also what information he ignored or failed to properly incorporate into his analysis. *See, e.g.*, *Colindres v. Quietflex Mfg.*, 228 F.R.D. 567 (S.D. Tex. 2005) (observing that "information considered, but not relied upon, can be of great importance in understanding and testing the validity of an expert's opinion"). In light of such considerations, the magistrate judge was correct to hold that "the ambit of the term 'considered,' in the context of Rule 26(a)(2)(C) discovery, . . . encompasses material not only used, but generated, seen, reviewed, and/or reflected upon." (October 5 Order at 5.) That position was well supported both by pre- and post-2010 case law. *See, e.g.*, *PacifiCorp*, 879 F.

Supp. 2d at 1213-1214; *Synthes Spine Co., L.P. v. Walden*, 232 F.R.D. 460, 464 (E.D. Pa. 2005).

In the alternative, Luminara asks the Court to grant it leave to re-designate Patton as a reporting expert pursuant to Rule 26(a)(2)(B). (*See* Pl.'s Obj. at 15.) Magistrate Judge Noel carefully considered this same request in his October 5 Order and rejected it, concluding that Luminara was amply advised in both the February 25 and May 18 orders of the duties imposed by designating Patton as a non-reporting expert witness. Such decisions are well within the discretion of the magistrate judge, *Favors*, 2013 WL 6511851, at *3 n.3, and Luminara has not identified how this decision was an abuse of that discretion. Identifying no such abuse in its own review, the Court will not disturb Magistrate Judge Noel's decision. Moreover, Luminara has had the opportunity for years to designate Patton as a reporting expert and chose not to do so. Luminara may not at this point re-designate Patton as a reporting expert witness.

    C.    **Defendants' Objection**

As previously noted, Defendants' objection to the October 5 Order is limited to the narrow issue of whether Magistrate Judge Noel erred in granting Luminara an additional twenty-one days in which to elect either to proceed with Patton as a non-reporting expert witness and waive privilege over the documents and communications covered by that order, or withdraw his designation as an expert and maintain its privilege. (*See* Defs.' Obj. at 1.) Defendants contend that Luminara has now had multiple opportunities to make just such an election, and each time it has chosen to proceed with Patton as an expert witness. (*See id.* at 4-5.) Although Defendants do not point to any particular

12

prejudice they suffer by allowing Luminara time to reconsider its decision, they contend generally that Luminara has had ample opportunity to consider the consequences of its decision, and must now bear the burden of an immediate and full waiver of privileged communications considered by their expert witness. (*See id.* at 6-7.)

The Court disagrees with Defendants' argument that Luminara clearly understood the extent of the waiver of privilege associated with its decision to designate Patton as a non-reporting expert, at least prior to the October 5 Order. While Luminara may ultimately have chosen an interpretation of the scope of waiver that was—in this Court's view—overly narrow, nothing in the record suggests that interpretation was held in bad faith or was objectively unreasonable. Without such clear evidence of a knowing waiver of privilege commensurate with the breadth of the October 5 Order, the Court finds that the magistrate judge did not abuse its discretion in allowing Luminara an additional opportunity to retract Patton's designation as a non-reporting expert witness.

However, because more than twenty-one days have now elapsed since Magistrate Judge Noel's order was issued, the Court will modify the period of election available to Luminara to seven days from the date of this Order. If Luminara wishes to proceed with Patton as a non-reporting expert witness, it must produce the documents and information specified in the October 5 Order within that time. Otherwise, if Luminara desires to maintain its privilege, it must withdraw Patton's designation under Rule 26(a)(2)(C).

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Doc. No. 658] to the Magistrate Judge's October 5 Order [Doc. No. 634] are **OVERRULED**;

2. Plaintiff may **NOT** re-designate Doug Patton as a Fed. R. Civ. P. 26(a)(2)(B) reporting expert witness;

3. Defendants' Objections [Doc. No. 659] to the Magistrate Judge's October 5 Order [Doc. No. 634] are **OVERRULED**;

4. Plaintiff must within seven days of the date of this Order elect either to proceed with Patton as a non-reporting expert witness and produce all documents and information specified in the Magistrate Judge's October 5 Order [Doc. No. 634], or withdraw Patton's designation as an expert witness and maintain its privilege; and

5. Should Luminara elect to withdraw Patton as an expert witness, the Court will convene a status conference to address pending motions that rely on Patton as an expert (e.g. Doc. Nos. 460, 474, 485, and 501).

Dated: November 15, 2016         s/Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge