# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Luminara Worldwide, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Liown Electronics Co. Ltd., Shenzhen Liown Electronics Co. Ltd., Liown Technologies/Beauty Electronics, LLC, Boston Warehouse Trading Corp., Abbott of England (1981), Ltd., BJ's Wholesale Club, Inc., Von Maur, Inc., Zulily, Inc., Smart Candle, LLC, Tuesday Morning Corp., Ambient Lighting, Inc., The Light Garden, Inc., and Central Garden & Pet Co.,<br><br>Defendants.<br>_____<br>Shenzhen Liown Electronics Co. Ltd. and Central Garden & Pet Co.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>Luminara Worldwide, LLC, QVC, Inc., Darice, Inc., Bed Bath & Beyond, Inc., Williams-Sonoma Stores, Inc., PC Treasures, Inc., and Brookstone Stores, Inc.,<br><br>Counterclaim Defendants. | Case No. 14-cv-3103 (SRN/FLN)<br><br><br><br>**ORDER ON DEFENDANT ABBOTT OF ENGLAND (1981), LTD.'S MOTION FOR SUMMARY JUDGMENT** |

Joseph W. Anthony, Steven M. Pincus, Courtland C. Merrill, Cory D. Olson, Steven C. Kerbaugh, and Daniel R. Hall, Anthony Ostlund Baer & Louwagie PA, 90 South Seventh Street, Ste. 3600, Minneapolis, MN 55402; Jon E. Wright, Sterne Kessler Goldstein & Fox, 1100 New York Ave NW, Ste. 600, Washington, DC 20005; Ryan S. Dean, Fish & Tsang LLP, 2603 Main St., Ste. 1000, Irvine, CA 92614; for Plaintiff and Counterclaim Defendant Luminara Worldwide, LLC.

Alan G. Carlson, Tara C. Norgard, Jonathan D. Carpenter, and Peter M. Kohlhepp, Carlson, Caspers, Vandenburgh, Lindquist & Schuman, P.A., 225 South Sixth Street, Ste. 4200, Minneapolis, MN 55402; Thomas N. Millikan, Joseph P. Reid, Kenneth J. Halpern, Yun Louise Lu, and Patrick J. McKeever, Perkins Coie LLP, 11988 El Camino Real, Ste. 350, San Diego, CA 92130, for Defendants and Counterclaim Plaintiffs Liown Electronics Co. Ltd., Liown Technologies/Beauty Electronics, LLC, Shenzhen Liown Electronics Co. Ltd., Boston Warehouse Trading Corp., Abbott of England (1981), Ltd., BJ's Wholesale Club, Inc., Von Maur, Inc., Zulily, Inc., Smart Candle, LLC, Tuesday Morning Corp., The Light Garden, Inc., and Central Garden & Pet Co.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Abbott of England's Motion for Summary Judgment of Noninfringement [Doc. No. 460]. For the reasons set forth below, Abbott's Motion for Summary Judgment is granted.

I.   **BACKGROUND**

   **A. Facts**

Abbott of England ("Abbott") is a Canadian company, located in Canada, which wholesales a variety of home décor products. (Decl. of Jody Abbott ("Abbott Decl.") at ¶¶ 2–3 [Doc. No. 463].) Abbott sells exclusively to third-party retailers, not individual consumers. (Id. at ¶ 4.) In August of 2011, Abbott began selling a line of flameless candles ("Reallite") manufactured by Defendant Liown that Plaintiff Luminara

Worldwide ("Luminara")[1] alleges infringe on its United States patents.  (See id. at ¶ 5.)  However, it was not until February 21, 2012, when Abbott received a cease and desist letter from Luminara, that Abbott became aware of Luminara's patents and its infringement claims.  (Id. at ¶ 6; Abbott Decl., Ex. A ("Cease and Desist Ltr.") at 02773–74[2] [Doc. No. 463-1].)  Important here is the fact that Abbott only sells Reallite candles to retailers in Canada and the United Kingdom (U.K.), not the United States.  (Abbott Decl. at ¶¶ 7–8.)  Abbott contends that United States patent law does not prohibit it from continuing to sell Reallite candles to Canadian and U.K. retailers and thus they did not stop selling the Reallite product after receiving Luminara's cease and desist letter.  (See Abbott Decl., Ex. B at 02775–76 [Doc. No. 463-1].)

**B. Procedural History**

Luminara sued Abbott for direct infringement and inducing infringement.  (See Third Amended Compl., Count I [Doc. No. 131].)  However, Luminara subsequently abandoned its direct infringement claim.  (See Luminara's Opp. to Abbott's Mot. ("Mem. in Opp.") at 2, 5 n.1 [Doc. No. 525].)  Abbott now moves for summary judgment on the inducement claim because it alleges there is no evidence that it performed an inducing act with the requisite intent, or that a relevant third-party directly infringed on Luminara's patents.  (See Abbott's Mem. of Law in Supp. of its Mot. ("Mem. in Supp.") at 12–13

---

[1] Luminara's predecessor in interest was Candella LLC.  The Court generally refers to Luminara even where a particular act involved Candella.

[2] For all exhibits attached to the Abbott Declaration, the Court cites to the last five digits of the Bates number as they appear in the lower right hand corner of these documents.

[Doc. No. 462]; Abbott's Reply Mem. of Law in Supp. ("Reply") at 2–4 [Doc. No. 537].) Luminara opposes Abbott's motion and offers three pieces of evidence it alleges support its inducement claim: (1) Abbott's website, which supposedly "directs consumers to locate United States retailers that sell the Reallite candles[,]" (2) a Facebook post by Abbott in response to an inquiry about the availability of Reallite candles in the United States, and (3) the purchase of a Reallite candle by a Luminara employee from one of Abbott's third-party Canadian retailers. (See Mem. in Opp. at 3–4.)

## II. DISCUSSION

### A. Legal Standard

Summary judgment is proper if, drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50 (1986); Morriss v. BNSF Ry. Co., 817 F.3d 1104, 1107 (8th Cir. 2016), cert. denied, (U.S. Oct. 3, 2016). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Celotex, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The party moving for summary judgment bears the burden of showing that the material facts in the case are undisputed. Id. at 323. However, a party opposing summary judgment "'may not rest upon the mere allegation or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial,' and

4

'must present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Ingrassia v. Schafer, 825 F.3d 891, 896 (8th Cir. 2016) (quoting Anderson, 477 U.S. at 256–57). "[T]he nonmoving party must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" Conseco Life Ins. Co. v. Williams, 620 F.3d 902, 910 (8th Cir. 2010) (quoting Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Summary judgment is proper where the non-moving party fails "'to make a showing sufficient to establish the existence of an element essential to that party's case . . . .'" Walz v. Ameriprise Fin., Inc., 779 F.3d 842, 844 (8th Cir. 2015) (quoting Celotex, 477 U.S. at 322). While the moving party bears the burden of showing that the facts are undisputed, a judge is not confined to considering only the materials cited by the parties, and "it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Two other legal principles are important to the present matter. First, "only evidence that would be admissible at trial may be relied upon to counter a motion for summary judgment." Sokol & Associates, Inc. v. Techsonic Indus., Inc., 495 F.3d 605, 611 n.4 (8th Cir. 2007). Statements containing double hearsay are not admissible evidence and may not be relied upon. See Ward v. Int'l Paper Co., 509 F.3d 457, 462 (8th Cir. 2007); McKay v. U.S. Dep't of Transp., 340 F.3d 695, 699 n.2 (8th Cir. 2003); Erickson v. Farmland Indus., Inc., 271 F.3d 718, 728 (8th Cir. 2001). Second, attorney statements and argument in briefing are not evidence and cannot create issues of fact. See Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 467 n.6 (8th Cir. 2002); Exeter Bancorporation, Inc. v. Kemper Sec. Grp., Inc., 58 F.3d 1306, 1312 n.5 (8th Cir. 1995).

## B. Inducing Infringement

One who "actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "To prove inducement of infringement, the patentee must show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." Info-Hold, Inc. v. Muzak LLC, 783 F.3d 1365, 1372 (Fed. Cir. 2015) (quotations omitted). "Accordingly, inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006). "The sale of a lawful product by lawful means, with the knowledge that an unaffiliated, third party may infringe, cannot, in and of itself, constitute inducement of infringement." Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp., 785 F.3d 625, 630 (Fed. Cir. 2015) (quoting Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1276 n.6 (Fed. Cir. 2004)). There must also be proof of the alleged inducer's knowledge of the infringed patent at the time of inducement. Warsaw Orthopedic, Inc. v. NuVasive, Inc., 824 F.3d 1344, 1347 (Fed. Cir. 2016). "While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice." DSU Med., 471 F.3d at 1306 (citation omitted).

Important to the present matter, direct infringement is where one "makes, uses, offers to sell, or sells any patented device, within the United States" without permission. 35 U.S.C. § 271(a). "It is the general rule under United States patent law that no infringement occurs when a patented product is made and sold in another country."

Microsoft Corp. v. AT & T Corp., 550 U.S. 437, 441, (2007).  As discussed below, Luminara failed to produce admissible evidence of Abbott's specific intent to induce infringement, or of any third-party direct infringement.  Thus, Abbott is entitled to summary judgment.

### 1. Luminara's Purchase of a Reallite Candle

In its opening briefing, Abbott argued that Luminara's evidence of direct infringement was insufficient because it consisted only of the vague and indefinite testimony of two Luminara executives about Luminara's purchase of a single Reallite candle from one of Abbott's third-party retailers.  (See Mem. in Supp. at 5–8, 10–11.)  In that testimony, Luminara's Director and General Counsel recalled that Luminara purchased a Reallite candle from a third-party retailer and had it shipped to the United States.  (See Decl. of Thomas M. Millikan ("Millikan Decl.") [Doc. No. 464], Ex. 4. ("Jacobson Depo.") at 209–11[3], Ex. 5 ("Baer Depo.") at 189–92 [Doc No. 464-1].)  However, they could not recall any details about this purchase (e.g., who made the purchase, when it was made, how it was made, etc.).  (See id.)

With its opposition briefing, Luminara offered new evidence about this purchase.  (See Decl. of Ryan Dean ("Dean Decl.") [Doc. No. 526].)  That evidence consists of the declaration of an attorney ("Dean") who represented Luminara in 2011.  According to

---

[3] When citing to depositions, the Court references the page numbers as they appear in those documents.

Dean, based on his conversations with a Luminara executive[4] at the time, he believes another Luminara employee ("Kaiden") purchased a Reallite candle from a Canadian retailer ("Ming Wo") and had it shipped to the United States in October of 2011. (See id. at ¶¶ 3–4, 6–7.) Dean alleges that Kaiden located Ming Wo as a source of Reallite candles by using Abbott's website and purchased the candle by calling Ming Wo directly. (Id. at ¶ 3, 6.) A receipt detailing this purchase was attached to Dean's declaration. (See id. at ¶ 5, Ex. A ("Ming Wo Receipt") [Doc. No. 527].) Luminara argues this is enough evidence of third-party direct infringement to create a fact question and allow its inducement claim to withstand summary judgment. (See Mem. in Opp. at 4, 6, 10.)

Abbott objects to Luminara's new evidence of the Ming Wo purchase on three grounds. First, it argues that this evidence was not produced during fact discovery and that Abbott is prejudiced by its late disclosure. (Reply at 2, n.2.) Second, Abbott contends that the evidence is inadmissible double hearsay and thus cannot be used to create a fact question on summary judgment. (Id.) Third, Abbott argues that because the sale predates Luminara's February 2012 cease and desist letter, when Abbott first became aware of Luminara's patents and claims, that sale is not evidence of any intent to induce. (Id. at 3.)

The 2011 Ming Wo purchase cannot serve as evidence of inducement for at least two reasons. First, as Abbott points out, the evidence consists entirely of inadmissible

---

[4] An individual named "Peter Smith" is identified as the source of Dean's knowledge about the purchase. (See Dean Decl. at ¶ 3.) Based on the Court's familiarity with this case, the Court assumes that Peter Smith is the same individual who was Candella's CEO in 2011. (See Doc. No. 520 at 4.)

double hearsay. Luminara offers Dean's recollection of what he learned from a Luminara executive about a purchase made by another individual, all for the purpose of establishing that a third-party Canadian retailer in fact sold a Reallite candle into the United States. This kind of inadmissible evidence cannot create the fact question necessary to save Luminara's inducement claim from summary judgment. See Ward, 509 F.3d at 462.

Second, even if evidence of the 2011 Ming Wo purchase were admissible, it does not show that Abbott intended to induce third-party retailers to directly infringe by selling Reallite candles into the United States.[5] The purchase occurred *before* Abbott was made aware of Luminara's patents and claims by the February 2012 cease and desist letter. Until the alleged inducer has actual or constructive knowledge of the patent(s) at issue, it cannot have the requisite specific intent to induce infringement. See Warsaw Orthopedic, 824 F.3d at 1347; Insituform Techs., Inc. v. Cat Contracting, Inc., 161 F.3d 688, 695 (Fed. Cir. 1998) (holding there was no inducement where the defendant did not learn of the patent at issue until the complaint was filed because, "A crucial element of induced infringement is that the inducer must have actual or constructive knowledge of the patent.").

### 2. Abbott's Website

Luminara alleges that "Abbott's website directs consumer to locate United States retailers that sell the Reallite candles." (Mem. in Opp. at 3.) It points to a screenshot

---

[5] Luminara's late disclosure of the Ming Wo purchase and the resulting prejudice to Abbott might serve as an independent basis for striking this evidence. See Fed. R. Civ. P. 37(b), (c). However, the Court need not reach that issue because evidence of the Ming Wo purchase is inadmissible double hearsay and does nothing to show Abbott had the specific intent necessary for inducement.

from Abbott's website that lists a retailer located in California. (See Abbott Decl., Ex. C at 88382.) However, Abbott argues that Luminara fails to understand how Abbott's website works and thus misinterprets the results. (See Mem. in Supp. at 3–5; Reply at 3–5.) Specifically, Abbott explains that it only sells Reallite candles to retailers who are identified on Abbott's website with the Reallite symbol. (Abbott Decl. at ¶¶ 9–11.) The screenshot with the California retailer does not include the Reallite symbol. (See Abbott Decl., Ex. C at 88382.) Luminara does not contest, nor offer any evidence to refute, Abbott's explanation of its website or the fact that Abbott only sells Reallite candles to Canadian and U.K. retailers.

Abbott's act of selling Reallite candles to Canadian and U.K. retailers does not constitute direct infringement or inducement. See Microsoft Corp., 550 U.S. at 441; Takeda Pharm. U.S.A., 785 F.3d at 630. Luminara produced no evidence that Abbott in fact sells Reallite candles to retailers in the United States, or that Abbott's website encourages direct infringement by third-party retailers. Luminara's unsupported assertions about Abbott's website cannot save its inducement claim from summary judgment. See Anderson, 477 U.S. at 256.

### 3. Abbott's Facebook Comment

Luminara points to a comment Abbott posted on Facebook as evidence that Abbott intended to induce infringement. (See Mem. in Opp. at 4.) In response to a consumer's Facebook inquiry about when Reallite candles would be available in the United States, Abbott stated, "[W]e are definitely working on it! We will keep you posted! In the meantime, you can look for a retailer in Canada that ships to the U.S. :)" (Abbott Decl.,

10

Ex. C at 88384.) Abbott posted this comment on January 17, 2012, before it received the February 2012 cease and desist letter.[6]

As previously described, Abbott does not sell Reallite candles directly to retailers or consumers in the United States. Abbott's comment that it was "working on" making Reallite candles available in the United States and its suggestion that consumers look for Canadian retailers who shipped to the United States is not the sort of specific intent to cause direct infringement required for inducement. See Info-Hold, 783 F.3d at 1372. This is especially true since, when the comment was made, Abbott was unaware of Luminara's patents and claims. See Warsaw Orthopedic, 824 F.3d at 1347; Insituform Techs., 161 F.3d at 695; Proxyconn Inc. v. Microsoft Corp., No. SACV 11-1681 DOC ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[A] defendant can not be held liable because it induced or contributed to another's acts before the defendant had knowledge [of the relevant patents and the instances of direct infringement], because to do so effectively holds a defendant liable for acts it did without knowledge.").

### 4. The Arguments of Luminara's Counsel

Luminara argues that "Abbott cannot rely on [the fact that Luminara purchased the Reallite candle from Ming Wo before Abbott knew of Luminara's patents] to disprove inducement" because "whether it was the only sale is a disputed fact." (Mem. in Opp. at 10–11.) Luminara claims that "the evidence suggests" that this was not the only sale, but

---

[6] Although the Facebook post does not specifically state in what year it was made, the post appears under a caption announcing a 2012 Reallite candle launch and is attached to a letter from Luminara's counsel to Abbott dated March 12, 2012. (See Abbott Decl., Ex. C at 88378, 88384.) Logic dictates that the post was made no later than January 17, 2012.

cites no evidence in support of this position. (Id. at 11.) Luminara also contends that "Abbott *continued* and still continues to sell the Reallite candles to retailers distributing in the United States and refers customers to those retailers." (Id. (emphasis original).) Abbott argues that Luminara failed to produce any admissible evidence of sales into the United States as required to establish Abbott's intent to induce infringement, or direct infringement by third-parties. (See Reply at 3, n.4.)

Abbott is correct; Luminara bears the burden of producing *admissible evidence* of Abbott's specific intent to induce infringement and the direct infringement of Luminara's patents by third-parties. Luminara has failed to do so. The law is clear that Abbott could not intend to induce infringement until it knew of Luminara's patents. Luminara's only evidence of Abbott's intent, the January 2012 Facebook comment, came before Abbott had this knowledge. The fact that Abbott continues to sell Reallite candles to retailers in Canada and the U.K. is not evidence of intent to encourage direct infringement. See Takeda Pharm. U.S.A., 785 F.3d at 630–31; Nichia Corp. v. Seoul Semiconductor Co., No. C-06-0162 MMC, 2007 WL 2428040, at *4 (N.D. Cal. Aug. 22, 2007), as amended (Sept. 25, 2007) ("To the extent [the plaintiff's inducement] claim is based on the theory [a third-party] sold products containing [the allegedly infringing device] to a subsidiary, which, in turn, sold or offered to sell those products in the United States, [the plaintiff] offers insufficient evidence that [the defendant] took any action to assist or otherwise encourage [the third-party's] sales to its subsidiary."). For the inducement claim to survive, Luminara needed to produce evidence of Abbott's specific intent to *cause* direct infringement, i.e. an affirmative act aimed at inducing infringement. See Info-Hold, 783

F.3d at 1372. Abbott's mere knowledge that retailers may subsequently sell Reallite candles into the United States is not evidence of its intent to induce infringement. See DSU Med., 471 F.3d at 1306.

Moreover, Luminara was required to produce evidence of direct infringement by a relevant third-party (i.e., one of the retailers who purchased Reallite candles from Abbott). Abbott's website does not allow consumers to specifically locate Canadian retailers that ship Reallite candles to the United States, nor does it show that there are United States retailers that purchase Reallite candles from Abbott. Luminara's evidence that it allegedly purchased a single Reallite candle from a Canadian retailer is inadmissible double hearsay. The arguments of Luminara's counsel that "the evidence" suggests there were other sales—when it points to no specific evidence and the Court can find none in the record—do not create an issue of fact such that its claim survives summary judgment. See Stone Motor, 293 F.3d at 467 n.6; Exeter Bancorporation, 58 F.3d at 1312 n.5.

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Abbott of England (1981) Ltd.'s ("Abbott") Motion for Summary Judgment [Doc. No. 460] is **GRANTED** and Plaintiff's inducing patent infringement claim against Abbott is **DISMISSED WITH PREJUDICE**.

Dated: February 6, 2017            s/ Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Judge