**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Luminara Worldwide, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Liown Electronics Co. Ltd. et al.,<br><br>　　　　Defendants.<br><br>Shenzhen Liown Electronics Co. Ltd. et al.,<br><br>　　　　Counterclaim Plaintiffs,<br><br>v.<br><br>Luminara Worldwide, LLC, et al.,<br><br>　　　　Counterclaim Defendants. | Case No. 14-cv-03103 (SRN/FLN)<br><br><br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Courtland C. Merrill, Daniel R. Hall, Joseph W. Anthony, Cory D. Olson, Steven C. Kerbaugh, Steven M. Pincus, Anthony Ostlund Baer & Louwagie P.A., 90 South Seventh Street, Suite 3600, Minneapolis, Minnesota 55402, Jon E. Wright, Sterne Kessler Goldstein & Fox, 1100 New York Avenue Northwest, Suite 600, Washington, District of Columbia 20005, and Ryan S. Dean, Fish & Tsang LLP, 2603 Main Street, Suite 1000, Irvine, California 92614, for Plaintiff and Counterclaim Defendants.

Alan G. Carlson, Jonathan D. Carpenter, Peter Kohlhepp, Tara C. Norgard, Carlson Caspers Vandenburgh Lindquist & Schuman P.A., 225 South Sixth Street, Suite 4200, Minneapolis, Minnesota 55402, Joseph P. Reid, Patrick J. McKeever, Thomas N. Millikan, Yun L. Lu, Perkins Coie LLP, 11988 El Camino Real, Suite 350, San Diego, California 92130, and Kenneth J. Halpern, Perkins Coie LLP, 3150 Porter Drive, Palo Alto, California 94304, for Defendants and Counterclaim Plaintiffs.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

Before the Court are two matters related to Plaintiff Luminara Worldwide, LLC's decision to withdraw its expert Doug Patton, and to substitute Dr. Stuart Brown in Patton's place.  The first, memorialized in a Joint Status Report [Doc. No. 718] submitted by the parties on December 20, 2016, and by several briefs filed thereafter, seeks a ruling from the Court as to (1) the timing and structure of refiling various summary judgment memoranda; (2) whether a hearing will be held to reconsider the impacted summary judgment motions; (3) whether Plaintiff will be allowed to refile its renewed motion for preliminary injunction at this time; and (4) whether Plaintiff should bear the costs associated with its decision to withdraw Patton as an expert.  The second consists of Defendants' *Daubert* motion as to Dr. Brown.  (*See* Defs.' *Daubert* Mot. Against Pl.'s Expert Stuart Brown [Doc. No. 489].)  The Court's decisions as to each matter are discussed below.

## II. ISSUES RELATED TO PENDING SUMMARY JUDGMENT MOTIONS

For reasons that have been discussed at length in several other orders of this Court, Plaintiff Luminara Worldwide, LLC ("Luminara") chose to withdraw its designation of Patton as a non-reporting expert witness on November 22, 2016.  (Nov. 22, 2016 Letter to District Judge [Doc. No. 692].)  *See generally Luminara Worldwide, LLC v. Liown Elecs. Co.*, No. 14-cv-3103 (SRN/FLN), 2016 WL 6774229 (D. Minn. Nov. 15, 2016).  On order of the Court, the parties met and conferred regarding the effect of Patton's withdrawal on several summary judgment motions then pending.  (*See* Minutes [Doc. No. 708].)  Ultimately, both sides agreed that parts of both Luminara's and Defendants'

motion for summary judgment were impacted by the withdrawal, and would require refiling. (*See* Joint Status Report at 2.) The parties were unable to fully agree on the mechanics of that process, however. (*See id.*)

The initial point of contention relates to the extent to which the summary judgment memoranda needed to be altered to reflect Patton's replacement by Brown, and the schedule by which those memoranda should be refiled. There appears to be general agreement that Luminara will refile redlined memoranda in support of its motion for summary judgment, and in opposition to Defendants' motion, replacing any reference to Patton's testimony with citations to evidence provided by Dr. Brown. (*See id.* at 3, 5.) The disagreement relates primarily to the timing for filing responses and reply briefs. Having considered the parties' submissions, the Court will order as follows:

1. Seven days after the date of this Order, Luminara will refile its redlined motion for summary judgment of infringement.

2. Twenty-one days later, the parties will simultaneously file (1) Defendants' opposition to Luminara's motion for summary judgment; (2) Luminara's redlined opposition to Defendants' motion for summary judgment of non-infringement; and (3) Luminara's redlined opposition to Defendants' motion for summary judgment on trade secrets.

3. Fourteen days later, the parties will simultaneously file (1) Luminara's reply on its motion for summary judgment of infringement; (2) Defendants' reply on their motion for summary judgment of non-infringement; and (3) Defendants' reply on their motion for summary judgment on trade secrets.

The parties are reminded that their briefing should be limited to those portions of the motions for summary judgment that were deemed to be affected by Patton's withdrawal. (*See id.* at 1-2.)

The next two matters may be addressed summarily. The parties contest whether a hearing is required to consider Dr. Brown's evidence, and to address any inconsistencies that may exist between positions he has taken at various points of this litigation. (*See id.* at 5.) Similarly, there is disagreement as to whether Luminara should be allowed to refile its motion for preliminary injunction at this time, or whether it must wait until after the motions for summary judgment are disposed of. (*See id.* at 4, 5-6.) Having considered the arguments, the Court concludes that no new hearing is required, and that there is no good reason to require Luminara to delay refiling its preliminary injunction motion. Accordingly, Defendants' requests as to both issues are denied.

The fourth and most heavily contested matter presented by the parties has to do with who must bear the costs associated with rebriefing the summary judgment motions. Defendants argue that case law and justice demand that as the party responsible for Patton's withdrawal, Luminara must pay all costs and fees associated with at least (1) preparing and taking Dr. Brown's deposition regarding his new opinions; and (2) rebriefing the affected summary judgment motions. (*See* Defs.' Mem. re Patton [Doc. No. 739] at 5-11.) Luminara responds that it should not be assessed costs because its decision to withdraw Patton as an expert has only minimal effect on the motions pending before the Court, and because it acted in good faith. (*See* Pl.'s Mem. re Patton [Doc. No. 737] at 13-15.) In addition, Luminara argues that it has previously had to bear costs associated with various tactical decisions made by Defendants, and that it would thus be inequitable to require it to pay when Defendants have not been required to do so. (*See id.* at 16-19.)

The parties each raise compelling arguments that require the Court's careful consideration. To facilitate that review, the Court chooses to defer ruling on the issue of costs until a later time. Accordingly, Defendants' motion on the matter is deferred.

## III.   DEFENDANTS' *DAUBERT* MOTION REGARDING DR. BROWN

Defendants move to exclude the opinion of Luminara's patent expert, Dr. Brown, asserting that his opinion fails to satisfy Fed. R. Evid. 702 and must be excluded pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). (*See* Defs.' Mem. in Supp. of *Daubert* Mot. re Brown [Doc. No. 491] ("Defs.' Brown Mem.") at 2.) Defendants argue that the deficiencies in Brown's report are so significant that they implicate his entire opinion. (*Id.*) For example, they contend that Brown's invalidity opinions based on obviousness fail to identify the specific combinations that render a claim obvious. (*Id.* at 4.) Comparing their own expert's report to Brown's, Defendants assert that they, in contrast, disclose the specific combinations and provide citations to support a combination of references, including the reasons for the motivation to combine, where applicable. (May 20, 2016 Hr'g Tr. [Doc. No. 576] at 127-28.) In addition, Defendants note that for some dependent claims, they are unable to determine whether Brown relies on a theory of obviousness or anticipation in reaching his conclusions. (Defs.' Brown Mem. at 6.) Defendants also fault Dr. Brown for failing to provide claim charts as part of his report, while Defendants' expert did, and as Dr. Brown did as part of the *inter partes* review process and in support of Plaintiff's second preliminary injunction motion. (May 20, 2016 Hr'g Tr. at 128, 136.)

Should the Court decline to strike Brown's opinion in its entirety, Defendants request alternative rulings. First, they alternatively request that Brown be ordered to produce new reports and provide additional deposition testimony, particularly in light of the consolidation of this case with *Luminara Worldwide, LLC v. RAZ Imports, Inc.*, 15-cv-3028 (SRN/FLN) and *RAZ Imports, Inc. v. Luminara Worldwide, LLC*, 15-cv-4024 (SRN/FLN) ("the *RAZ* actions"). (*See* Defs.' Brown Mem. at 2.) As a second alternative, Defendants ask that Brown's testimony be limited to the opinions and the bases that are specifically disclosed in his report. (Defs.' Reply [Doc. No. 550] at 17.)

In response, Luminara contends that Defendants have falsely characterized Brown's testimony and that his opinions are sufficiently supported so as to be admissible at trial. (Pl.'s Opp'n to Brown Mem. [Doc. No. 531] at 2, 19, 21.)

The Court finds that several events warrant granting Defendants' alternative request for the production of a new report and additional deposition testimony: (1) the consolidation of this case with the *RAZ* actions; (2) Luminara's decision to withdraw its expert Doug Patton and substitute Dr. Brown's opinion; and (3) recent decisions by the U.S. Patent & Trademark Office's Patent & Trial Appeal Board ("PTAB") regarding the patents at issue. The Court believes that the combination of these events requires Dr. Brown to augment his opinion with a new report and provide some additional deposition testimony. Defendants' motion is therefore granted in part, as to the requirement for a new report and additional deposition testimony, and denied without prejudice in part, as to whether the requirements of Rule 702 and *Daubert* ultimately preclude Dr. Brown's testimony. In drafting his new report, Dr. Brown should give consideration to

Defendants' concerns regarding specificity and clarity, several of which the Court shares. As discussed previously, Defendants may take an additional deposition of Dr. Brown and provide an updated report from their opposing expert or experts, limited to any new opinions or information provided by Dr. Brown. The parties shall meet and confer regarding the schedule for the production of these reports and the deposition scheduling.

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. To the extent the issues raised in Plaintiff's Motion for Summary Judgment [Doc. No. 501] have not been otherwise disposed of, Plaintiff's Motion is **DENIED** without prejudice;

2. The parties shall refile their summary judgment memoranda in accordance with the instructions and schedule provided in this Order;

3. Defendants' request for a hearing to consider the effect on the motions for summary judgment of Dr. Brown's substitution for Mr. Patton [Doc. No. 739] is **DENIED**;

4. Plaintiff's Renewed Motion for Preliminary Injunction [Doc. No. 635] is **DENIED** without prejudice;

5. Plaintiff's request for leave to refile its motion for preliminary injunction [Doc. No. 737] is **GRANTED**;

6. The Court **DEFERS** ruling on Defendants' request for fees and costs [Doc. NO. 739]; and

7. Defendants' *Daubert* Motion Against Plaintiff's Expert Stuart Brown [Doc. No. 489] is **GRANTED** in part and **DENIED** without prejudice in part.

Dated: March 3, 2017         s/Susan Richard Nelson
                             SUSAN RICHARD NELSON
                             United States District Judge